UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INEZ TAULAGA, | CASE NO. C06-1053-RSL |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security | |
| Defendant. | |

Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) was referred to this Court for a Report and Recommendation. (Dkt. 29.) Having reviewed the parties' submissions and the entire record, the Court recommends that plaintiff's attorney be awarded a net § 406(b) award of $4,990.40, minus any applicable processing fee as allowed by statute.

**DISCUSSION**

On October 15, 2008, plaintiff moved the Court to award gross attorney fees in the amount of $11,838 to plaintiff's counsel Elie Halpern pursuant to 42 U.S.C § 406(b). (Dkt. 27 at 1.) Having subtracted from 25% of the past due benefits the amount previously awarded under the Equal Access to Justice Act (EAJA), plaintiff requested a net § 406(b) fee of $5,966.94. On

REPORT AND RECOMMENDATION
PAGE -1

November 3, 2008, defendant informed the court that the parties had conferred and that defendant had no objection to a gross award of $10,861.46, which amounted to a net § 406(b) award of $4,990.40. (Dkt. 30 at 1.) Defendant further noted: "This is less than Plaintiff's attorney requested in his motion, but an amount that the Commissioner believes is reasonable. The Commissioner expects that Plaintiff's attorney will be modifying his request to this amount." (*Id.* at 1-2.) Plaintiff's counsel has neither objected to these statements nor modified the requested amount.

Section 406(b)(1)(A) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

> The Court has reviewed plaintiff's billing statements and the entire record and agrees with defendant that a gross fee award of $10,861.46 more reasonably reflects the efforts expended by plaintiff's counsel than does the sum originally requested. When the previously awarded EAJA fees of $5,871.06 are subtracted, the net award is $4,990.40.

## CONCLUSION

The Court recommends that plaintiff's attorney Elie Halpern be awarded a gross attorney's fee of $10,861.46 pursuant to 42 U.S.C. § 406(b), reduced by the EAJA fees of $5,871.06 that were previously awarded, leaving a net fee of $4,990.40. Defendant should be directed to send to plaintiff's attorney Elie Halpern the net balance of $4,990.40, minus any applicable processing

01 fees as allowed by statute.  A proposed order accompanies this Report and Recommendation.

02       DATED this 10th day of November, 2008.

                                         /s/ Mary Alice Theiler
                                         Mary Alice Theiler
                                         United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3